UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CALEB LAMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-cv-0148-SEB-DML |
| | ) |
| HARRISON COUNTY SHERIFF | ) |
| DEPARTMENT, SHERIFF ROD SEALY, | ) |
| CAPT. CUNDALL, CPL ROBERT SCHRAM, | ) |
| OFFICER LANDFORD, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint, Dismissing
Insufficient Claims and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted**. The assessment of an initial partial filing fee is not feasible at this time.

**II. Screening Standards**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent

standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff's federal claim is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). He seeks monetary damages and injunctive relief.

### III. Discussion of Complaint

### A. Factual Allegations

Here, the plaintiff is incarcerated at the Harrison County Jail. He alleges that he made a joke about clogging the toilet with a trash bag that jail officials interpreted as a threat to flood a cell. Cpl. Schram informed Capt. Cundall of the plaintiff's alleged "threat." Capt. Cundall ordered the plaintiff to be placed in a dry cell for the remainder of his incarceration. This caused the plaintiff to be segregated from the general population. The plaintiff grieved his placement in segregation and Capt. Cundall threatened him disciplinary action if he further grieved. He states Sheriff Sealy was aware of this treatment.

The plaintiff also alleges Capt. Cundall threatened him with disciplinary action for complaining.

### B. Insufficient Claims

**1. Sheriff Sealy.**

"A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'"). Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm. The Seventh Circuit has recently discussed what factual circumstances are sufficient to make such a person legally responsible for an alleged constitutional violation.

Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, --- F.3d ----, 2017 WL 396568, *3 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

Something more than generalized knowledge and inaction is required for personal responsibility. Although what additional allegations are required are case-specific, two scenarios

are illustrative. First, the Superintendent could be actually engaged with the underlying issue such that personal responsibility is present. *See, e.g.*, *Haywood v. Hathaway*, 842 F.3d 1026, 1032-33 (7th Cir. 2016) (holding that the Warden could be held personally responsible for the harm caused by cold prison conditions because the evidence showed he "had actual knowledge of the unusually harsh weather conditions, that he had been apprised of the specific problem with the physical condition of [the plaintiff's] cell (i.e., the windows would not shut), and that, during the time period of [the plaintiff's] complaint, the warden toured the segregation unit himself"). Or second, personal responsibility can be present when the underlying issue is the direct responsibility of the individual in question, rather than one for his or her subordinates. *Compare id.*; *Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (holding that the Warden was personally responsible for the alleged cell conditions, and distinguishing *Vance*, because the Warden "not only knew about the problems but was personally responsible for changing prison policies so that they would be addressed"), *with Burks*, 555 F.3d at 595 (holding that the supervisor at issue was not personally responsible; "[t]he Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.").

Here, the plaintiff has alleged that Sheriff Sealy was aware of the fact that Capt. Cundall threatened him with disciplinary action for grieving his classification and no action on Sheriff Sealy's part followed. But "inaction following receipt of a complaint about someone else's conduct is not a source of liability." *Marberry*, 2017 WL 396568, at *3. The plaintiff's allegations stand in contrast to the above examples and suggest only that Sheriff Sealy had generalized knowledge of Capt. Cundall's threats of retaliation. This requires the dismissal of the plaintiff's claim against Sheriff Sealy. *See Marberry*, 2017 WL 396568, at *3 (holding that summary judgment for the Superintendent was proper because the plaintiff's allegations—that the Superintendent "brushed

off his complaints, leaving them to be handled through the chain of command"—were insufficient to demonstrate the personal responsibility necessary to state a § 1983 claim; such allegations brought the plaintiff's "claim within the scope of *Iqbal*, *Vance*, and *Burks* rather than *Haywood*"); *see also Olive v. Wexford Corp.*, 494 Fed. Appx. 671, 673 (7th Cir. 2012) ("[The plaintiff] does contend that he complained to [the head of the prison medical department] Shicker about [his treating doctor's] decisions and that Shicker did not intervene to help him. But both *Iqbal* and *Burks* hold that a supervisor is not liable just because a complaint is made and an effective solution is not forthcoming."). Accordingly, the complaint fails to state a viable § 1983 claim against Sheriff Sealy. The claims against Sheriff Sealy are **dismissed** and he is dismissed as a defendant.

### 2. Cpl. Schram.

The only allegations the plaintiff makes against Cpl. Schram are that Cpl. Schram informed Cpt. Cundall of the plaintiff's alleged "threat" to flood the cell. "'[T]o establish personal liability in a § 1983 action, the plaintiff must show that the government officer caused the deprivation of a federal right.'" *Luck v. Rovenstine*, 168 F.3d 323, 327 (7th Cir.1999)). "An official causes a constitutional violation if he sets in motion a series of events that defendant knew or reasonably should have known would cause others to deprive plaintiff of constitutional rights." *Id*. Simply relaying what Cpl. Schram perceived to be a threat to Cpt. Cundall does not amount to a constitutional deprivation. There are no other allegations against Cpl. Schram in the complaint. As such, the claims against Cpl. Schram are **dismissed** and he is dismissed as a defendant.

### 3. Officer Langford.

Here, claims against Officer Langford are **dismissed** as legally insufficient because there is no allegation of wrongdoing on his part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name

appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see Black v. Lane*, 22 F.3d 1395, 1401 and n.8 (7th Cir. 1994) (district court properly dismissed complaint against one defendant when the complaint alleged only that defendant was charged with the administration of the institution and was responsible for all persons at the institution).

### 4. Harrison County Sheriff's Department.

The Harrison County Sheriff's Department is not a "person" subject to suit under § 1983. Any claim against the Department is **dismissed.** In Indiana, municipal police departments "are not suable entities." *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Any claim against it is dismissed as legally insufficient.

### C. Claim that May Proceed

To state a claim for retaliation, the plaintiff needs only to allege that he engaged in conduct protected by the First Amendment, and that the defendant retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005, 1008–09 (7th Cir. 2002). The plaintiff has no constitutional right to be housed in any particular part of the jail. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."). But, otherwise permissible conduct can become impermissible when done for retaliatory reasons. *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987) (district court reversed for dismissing complaint challenging otherwise permissible prison transfer because of sufficient allegation of retaliation). A complaint states a claim for retaliation when it sets forth "a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (quoting *Cain v. Lane*, 857

F.2d 1139, 1143 n.6 (7th Cir. 1988)). **The plaintiff's claim for retaliation against Capt. Cundall may proceed.**

### IV. Further Proceedings

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Capt. Cundall in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 15, 2017, [dkt. 1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**The clerk is instructed** to update the docket to reflect the dismissal of the Harrison County Sheriff's Department, Sheriff Sealy, Cpl. Schram and Officer Langford from this action.

**IT IS SO ORDERED.**

Date: _____8/22/2017_____

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Capt. Cundall
Harrison County Sheriff's Department
1445 Gardner Lane NW
Corydon, IN 47112

Caleb Lamb
#8763
Harrison County Jail
1445 Gardner Lane
Corydon, IN  47112